IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VANESSA LYNN ESTEP                                                                  PLAINTIFF

v.                                          CIVIL NO. 08-5057

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Vanessa Lynn Estep brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on July 20, 2005, alleging an inability to work since June 1, 2005, due to compression fractures of the spine and arthritis in the left knee. (Tr. 65). For DIB purposes, plaintiff maintained insured status through December 31, 2008. (Tr. 12). An administrative hearing was held on April 30, 2007, at which plaintiff appeared with counsel. (Tr. 176-232).

By written decision dated July 31, 2007, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). However, after reviewing all of the evidence presented, she determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and carry up to twenty pounds occasionally, ten pounds frequently; to sit up to six hours total during an eight-hour workday; to stand/walk up to six hours total during an eight-hour workday; and to occasionally climb stairs/ramps, balance, stoop, kneel, crouch and crawl. The ALJ further found plaintiff could never climb ladders, ropes and scaffolds. (Tr. 15). With the help of a vocational expert, the ALJ determined plaintiff could perform her past relevant work as a baker's assistant, a dress inspector and a cashier. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which, after reviewing the additional evidence, denied that request on January 18, 2008. (Tr. 2-4). Subsequently, plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 11,12).

**II.**  **Evidence Presented:**

At the administrative hearing on April 30, 2007, plaintiff was thirty-nine years of age and obtained a tenth grade formal education. (Tr. 181). Plaintiff testified she also earned a GED. (Tr. 181). Plaintiff testified she could not read well. The ALJ questioned plaintiff about the GED test, plaintiff testified the test was in writing but that she guessed a lot. (Tr. 205). Plaintiff

testified her disabling conditions were her back and knee impairments. (Tr. 205). Plaintiff's past relevant work consists of work as a baker's assistant, a dress factory inspector, a housekeeper, a cashier and a warehouse line worker. (Tr. 72-79, 195-196).

The pertinent medical evidence in this case reflects the following. On December 15, 2005, plaintiff underwent a consultative general physical examination performed by Dr. J. Garrett. (Tr. 149-155). Plaintiff reported she was unable to stand for any length of time due to injuries sustained to her lumbar spine as a result of a motor vehicle accident. Plaintiff reported she was not taking any medication. (Tr. 149). Plaintiff was found to have a full range of motion in her spine and extremities. (Tr. 152-153). Plaintiff was neurologically intact and no muscle weakness or atrophy was observed. Dr. Garrett noted plaintiff had no sensory abnormalities and a normal gait and coordination. (Tr. 153). Dr. Garrett noted plaintiff could hold a pen, touch fingers to palm, grip one hundred percent of normal, oppose thumb to fingers, pick up a coin, stand and walk without assistive devices, walk on heel and toes and squat and arise from a squatting position. (Tr. 153). Dr. Garrett noted plaintiff was oriented to time, person and place and did not observe any evidence of psychosis. (Tr. 154). After reviewing x-rays, Dr. Garrett diagnosed plaintiff with morbid obesity and degenerative disease of the lumbar spine and left knee. (Tr. 155-156). When asked about plaintiff's ability to walk, stand, sit, lift, carry, handle, finger, see, hear or speak, Dr. Garrett opined plaintiff would have moderate limitation in her ability to walk or stand for prolonged periods. (Tr. 155).

On December 19, 2005, Dr. Ronald M. Crow, a non-examining, medical consultant, completed a RFC assessment stating that plaintiff, could occasionally lift or carry twenty pounds, ten pounds frequently; could stand and/or walk about six hours in an eight-hour workday; could

sit about six hours in an eight-hour workday; could push or pull unlimited, other than as shown for lift and/or carry; and that postural, manipulative, visual, communicative or environmental limitations were not evident. (Tr. 159-166).

On January 17, 2006, Dr. Nancy Jones completed an Attending Physician's Statement. (Tr. 157-158). Dr. Jones noted she first treated plaintiff for a compression fracture in 2001. Dr. Jones indicated she had plaintiff on medication for her back in 2001-2003. Dr. Jones characterized the nature and severity of plaintiff's condition as moderate (some physical activity could be tolerated but condition would cause a marked handicap in the performance of the activity). Dr. Jones opined plaintiff's symptoms would interfere with attention and concentration and that plaintiff would sometimes need to take unscheduled breaks during an eight-hour working shift. Dr. Jones opined plaintiff would miss more than four days per month due to her impairments. (Tr 157). Dr. Jones opined plaintiff could sit a total of four hours during an eight-hour work day, one hour continuously; could stand a total of one hour in an eight-hour work day, fifteen minutes continuously; could walk a total of one hour in an eight–hour work day, fifteen minutes continuously; could lift and carry ten pounds frequently; and could frequently tolerate exposure to marked temperatures changes and exposure to dust, fumes and gases. (Tr. 158). Dr. Jones opined plaintiff could occasionally reach above and climb but could never bend, squat, crawl, stoop, crouch and kneel.

After reviewing all the evidence and noting Dr. Jones January of 2006 assessment, Dr. William F. Payne, a non-examining medical consultant, affirmed Dr. Crow's findings on March 10, 2006. (Tr. 166).

-4-

### III. <u>Applicable Law:</u>

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**IV.    Discussion:**

Plaintiff contends that the ALJ erred in concluding that the plaintiff was not disabled since June 1, 2005, her alleged onset date. Defendant contends the record supports the ALJ determination that plaintiff was not disabled through the date of the ALJ decision.

**A.    Subjective Complaints and Credibility Analysis:**

In disability determinations, credibility assessments are the province of the ALJ. *Onstead v. Sullivan*, 962 F.2d 803, 805 (8th Cir. 1992). This court will not substitute its judgment for that of the trier of fact, *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996), nor will we disturb the decision of any ALJ who seriously considers, but for good reason explicitly discredits, a claimant's testimony of disabling pain. *Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the

AO72A
(Rev. 8/82)

record as a whole. *Id*. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart,* 314 F.3d 964, 966 (8th Cir. 2003). We believe the ALJ adequately evaluated the factors set forth in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), and conclude there is substantial evidence supporting the ALJ's determination that plaintiff's complaints were not fully credible.

The record reflects that during the relevant time period plaintiff did not seek medical treatment for her back and knee impairments but was seen by Dr. Garrett for a consultative examination at the request of the administration. *See Novotny v. Chater*, 72 F.3d 669, 671 (8th Cir. 1995) (per curiam) (failure to seek treatment inconsistent with allegations of pain); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (holding that ALJ may discount disability claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment).

Regarding plaintiff's back impairment, medical records dated prior to June 1, 2005, reveal that in 2001 plaintiff was involved in a motor vehicle accident that resulted in a compression fracture at L3 of her lumbar spine. (Tr. 116, 120). In December of 2001, Dr. Jones indicated plaintiff could return to light duty work with the use of her back brace. (Tr. 120). In January of 2002, Dr. Jones noted x-rays revealed a healing compression fracture and plaintiff was to wear a back brace for one more week but then could increase her activities. (Tr. 119). Plaintiff did not seek treatment for her back pain again until August of 2003. At that time, Dr. Jones noted plaintiff's pain was lower than the site of her compression fracture. (Tr. 118). Plaintiff was diagnosed with low back pain and prescribed Vicoden and Lodine. Plaintiff did

not seek treatment for her back pain again during the relevant time period was not taking any prescription medication for back pain during the relevant time period. *See Black v. Apfel*, 143 F.3d 383, 386 (8th Cir.1998); *See Robinson v. Sullivan*, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain). In December of 2005, Dr. Garrett noted plaintiff had full range of motion in her spine; plaintiff was neurologically intact and no muscle weakness or atrophy was observed; and plaintiff had no sensory abnormalities and had a normal gait and coordination.

Regarding plaintiff's left knee impairment, plaintiff complained of knee pain in August of 2004, and was restricted from squatting or kneeling for thirty days. (Tr. 124-125). X-rays dated August 25, 2004, revealed a normal left knee. (Tr. 138). In December of 2005, Dr. Garrett noted plaintiff had full range of motion of her extremities; that plaintiff had a normal gait and coordination; and that plaintiff could stand and walk without assistive devices, walk on heel and toes and squat and arise from a squatting position.

Although plaintiff contends that her failure to seek medical treatment is excused by her inability to afford treatment, plaintiff has put forth no evidence to show that she has sought low-cost medical treatment or been denied treatment due to her lack of funds. *Murphy v. Sullivan*, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

Regarding plaintiff's obesity, the ALJ clearly found plaintiff's obesity to be a severe impairment and considered this impairment when evaluating plaintiff's claims and assessing her RFC. Although there is some evidence in the record to show that plaintiff was obese, we can

find no evidence to indicate that plaintiff's obesity prevented her from performing work-related activities. None of her treating doctors suggested her weight imposed any additional work-related limitations, and she did not testify that her weight imposed additional restrictions. *See Anderson v. Barnhart,* 344 F.3d 809, 814 (8th Cir. 2003).

Plaintiff's subjective complaints are also inconsistent with evidence regarding her daily activities. In a Function Report dated August 13, 2005, plaintiff reported she was able to do daily things around the house; to take care of her kids and disabled ex-husband; to take care of personal needs; to prepare simple meals, clean house, drive a car, shop twice a week, and spend time with family and friends. (Tr. 82-89). Plaintiff also testified at the administrative hearing that she could drive, do some cooking and walk one to three blocks to visit friends. (Tr. 217-218). This level of activity belies plaintiff's complaints of pain and limitation and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a plaintiff's subjective allegations of disability. See *Cruze v. Chater,* 85 F.3d 1320, 1324 (8th Cir.1996) (mowed lawn, shopped, odds jobs and visits town); *See Hutton v. Apfel*, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities– making breakfast, washing dishes and clothes, visiting friends, watching television and driving-were inconsistent with claim of total disability)

Therefore, although it is clear that plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993) (holding that, although plaintiff did have degenerative disease of the lumbar spine, the evidence

AO72A
(Rev. 8/82)

did not support a finding of disabled). Neither the medical evidence nor the reports concerning her daily activities support plaintiff's contention of total disability. Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that plaintiff's subjective complaints were not totally credible.

### B. RFC Assessment:

It is well settled that the ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). The United States Court of Appeals for the Eighth Circuit has also stated that a "claimant's residual functional capacity is a medical question," *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000), and thus, "some medical evidence," *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam ), must support the determination of the plaintiff's RFC, and the ALJ should obtain medical evidence that addresses the claimant's "ability to function in the workplace." *Nevland v. Apfel*, 2 04 F.3d 853, 858 (8th Cir. 2000). Therefore, in evaluating the plaintiff's RFC, *see* 20 C.F.R. § 404.154599(c), while not limited to considering medical evidence, an ALJ is required to consider at least some supporting evidence from a professional. *Cf. Nevland v. Apfel*, 204 F.3d at 858; *Ford v. Secretary of Health and Human Servs.*, 662 F. Supp. 954, 955, 956 (W.D. Ark. 1987) (RFC was "medical question," and medical evidence was required to establish how claimant's heart attacks affected his RFC).

In determining plaintiff's RFC, the ALJ considered the medical assessments of examining agency medical consultants, plaintiff's subjective complaints, and her medical records. The ALJ specifically addressed Dr. Jones' January of 2006 assessment opining plaintiff could perform less than sedentary work. In discounting this assessment, the ALJ pointed out Dr.

-10-

Jones had not treated plaintiff since 2003. Furthermore, at the administrative hearing in April of 2007, plaintiff testified she had given Dr. Jones the RFC assessment to fill out and that she talked to Dr. Jones over the phone regarding her abilities. (Tr. 212-213). Plaintiff testified she saw Dr. Jones during her husband's medical appointments but that Dr. Jones did not examine her prior to completing the assessment. (Tr. 213). Dr. Jones is clearly not plaintiff's treating physician and the ALJ properly discounted the assessment as both internally inconsistent and inconsistent with the evidence as a whole. Based on our above discussion of the medical evidence, plaintiff's lack of consistent and on-going treatment for her impairments, and plaintiff's daily activities, we believe substantial evidence supports the ALJ's RFC assessment

### C. **Hypothetical Proposed to Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, we find that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. *See Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, we find that the vocational expert's testimony constitutes substantial evidence supporting the ALJ's conclusion that plaintiff's impairments do not preclude her from performing her past relevant work as a baker's assistant, a dress inspector and a cashier. *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### V. **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the plaintiff benefits, and thus the decision

should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

DATED this 18th day of March 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE